IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ALBERT B. MITCHELL,
ADC #109391                                                                                          PLAINTIFF

VS.                          CASE NO. 5:07CV00104SWW/HLJ

ARKANSAS DEPARTMENT OF
CORRECTION, et al.                                                                              DEFENDANTS

# PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District
    Judge (if such a hearing is granted) was not offered at the
    hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the

>hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite 402
>Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  Introduction

This matter is before the Court on the motion for summary judgment filed by defendant B.G. Hamilton (DE #43). Plaintiff has filed a response in opposition to the motion (DE #46).

Plaintiff is a state inmate incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs by defendants. By Order dated August 3, 2007, all defendants were dismissed from this action, except defendant Hamilton (DE #29). Plaintiff alleges defendant Hamilton violated his Eighth Amendment rights when he confiscated plaintiff's tennis shoes upon his intake in the ADC, and failed to notify the infirmary of plaintiff's expressed need for special orthotic shoes. Plaintiff asks for monetary relief from defendant.

### II.  Summary Judgment Motion

A.  Defendant's Motion

In support of his motion, defendant states in December, 2006, upon plaintiff's arrival at the Diagnostic Unit of the ADC for intake purposes, defendant confiscated all plaintiff's free-world

clothing, including his FILA tennis shoes, pursuant to ADC policy. Plaintiff was issued other shoes by the ADC to replace the tennis shoes. Plaintiff alleges he also asked defendant to contact the medical personnel concerning his need for special footwear, and that defendant failed to do so. Defendant states plaintiff was seen by medical personnel on December 28, 2006.

Defendant alleges plaintiff failed to exhaust his administrative remedies, because he never filed a proper appeal to the denial of his grievance. In addition, plaintiff's appeal was returned to him as improper, after the filing of this complaint. Defendant also states he is protected from liability in his official capacity by sovereign immunity, and in his individual capacity, by qualified immunity, since his actions did not constitute a violation of plaintiff's rights. According to defendant's affidavit (DE #43, Ex. A), ADC policy requires the confiscation of all free-world clothing of inmates upon their entrance into the ADC. Furthermore, plaintiff was seen by medical personnel shortly after his intake.

B. Plaintiff's Response

In his response, plaintiff states he tried to follow the ADC grievance procedures but was hindered when he did not receive a response to his initial grievance for over sixty days. The response he finally received stated he failed to abide by the procedures by attempting to grieve more than one issue in the grievance. Plaintiff states he was not responsible for the breakdown in communications concerning his improper grievance, and the subsequent filing of this complaint was justifiable.

Plaintiff also states defendant Hamilton is liable because he failed to heed plaintiff's request to contact the medical personnel about his footwear needs and because he mailed plaintiff's tennis shoes to his home before consulting medical personnel. Finally plaintiff states he told medical about the confiscation of his shoes, and a doctor Alexander at the Unit scheduled an appointment for him.

C.  Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulaney v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In order to support a claim for an Eighth Amendment violation, plaintiff must allege that defendant was deliberately indifferent to a serious medical need. Farmer v. Brennan, 511 U.S. 825, 827 (1994). However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference. Estelle v. Gamble, 429 U.S. 197 (1976). Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Gutierrez v. Peters, 111 F.3d 1364, 1373 (7th Cir. 1997). Finally, a medical indifference claim must be brought against the

individual or individuals directly responsible for the inmate's medical care, Keeper, supra at 1314. A supervisor is not held liable for an employee's actions under § 1983 unless the supervisor "is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference toward the violation. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995).

D.  Analysis

Initially, the Court notes that plaintiff did fail to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.  That statute provides,

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, 121 S.CT. 1819, 1825 (2001), the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."  In addition, in Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000), the Court held that "the statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them.  Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'"  In Johnson v. Jones, 340 F.3d 624, 627 (8th Cir. 2003), the Court held that "under the plain language of section 1997e(a), an inmate must exhaust administrative remedies before filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory."   In this case, it is clear plaintiff did not exhaust his remedies prior to the filing of this lawsuit, and therefore, it should be dismissed for failure to exhaust.

However, the Court also finds plaintiff's allegations against defendant Hamilton should be dismissed for failing to support a constitutional violation. The parties do not dispute that defendant Hamilton confiscated plaintiff's tennis shoes pursuant to ADC policy. In addition, even accepting plaintiff's allegation that defendant failed to contact medical personnel as requested, plaintiff does not allege that such was done recklessly or with the intent to cause plaintiff harm. Plaintiff also does not dispute defendant's statement in his affidavit that plaintiff was seen by medical personnel three days after his tennis shoes were confiscated. Plaintiff could have, at that time, explained to medical personnel about his footwear needs. In fact, plaintiff admits in his response to defendant's motion, "as when I did see Dr. Alexander she said that she would try to retrieve my shoes however a couple of days had passed and my property had been mailed to my wife's home. Dr. Alexander set me up an appointment to see the foot specialist." (DE #46) Plaintiff does not allege that defendant Hamilton was responsible for providing him with new shoes, and does not appear to dispute that such would have to be approved by the medical personnel. In conclusion, the Court finds that even if defendant Hamilton failed to notify the medical personnel about plaintiff's expressed need for special footwear, such action constituted no more than negligence, and did not rise to the level of deliberate indifference. Therefore, as a matter of law, the Court finds that plaintiff's allegations against defendant should be dismissed. Accordingly,

IT IS, THEREFORE, ORDERED that defendant's motion for summary judgment (DE #43) is hereby GRANTED, and plaintiff's complaint against defendant is DISMISSED with prejudice.

IT IS SO ORDERED this 14th day of December, 2007.

*Henry L. Jones, Jr.*
United States Magistrate Judge